Konrad K. Gatien (Bar No. 221770)
E-Mail: kgatien@kmwlaw.com
Anthony M. Keats (Bar No. 123672)
E-Mail: akeats@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISON

| | |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREAT SPORTS, INC., an Illinois corporation d/b/a Saferwholesale.com and Globaltrailer.net; and GARY BRIDEN, an individual,<br><br>Defendants. | Case No. **2:09-cv-06540-FMC-RZx**<br><br>**FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANTS GREAT SPORTS, INC. AND GARY BRIDEN** |

This action has come before the Court, upon the pleadings and proceedings of record, and it has been represented to the Court that Plaintiff, MAD DOGG ATHLETICS, INC. ("Mad Dogg" or "Plaintiff"), and defendants, GREAT SPORTS, INC. d/b/a Saferwholesale.com and Globaltrailer.net and GARY BRIDEN (hereinafter collectively referred to as "Defendants"), have entered into a Settlement Agreement ("Agreement") and have agreed to a compromise and settlement of this civil action ("Action") and all claims, defenses and counterclaims that were or could have been brought herein.

Plaintiff has given Defendants notice of the claims alleged in the Action by providing Defendants with a conformed copy of the Complaint filed herein. Defendants have waived service of process pursuant to Fed.R.Civ.P. 4, and thereby consent that service was proper and consent to the jurisdiction of this Court.

WHEREFORE, with the consent of the parties, through their undersigned attorneys, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over the parties and subject matter of this Action pursuant to 15 U.S.C §§ 1116(a) and 1121; 28 U.S.C. §§ 1331, 1332(a), and §§ 1338(a) and (b); and 28 U.S.C. § 1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b).

2. Defendants and their related entities, affiliates, officers, directors, parents, subsidiaries, divisions, owners, agents, servants, shareholders, employees, successors, assigns, representatives, and agents of any kind, and all persons or entities acting under Defendants' direction or control or in active concert or participation with Defendants (hereinafter collectively referred to as Defendants' "Related Entities"), expressly acknowledge and agree that Mad Dogg has valid, protectable and enforceable rights in and to its federally registered SPIN Family of  Marks.

3. Mad Dogg's SPIN Family of Marks includes without limitation:

| Mark | Reg. No. | International Class(es) | Reg. Date |
|---|---|---|---|
| SPIN | 2173202 | 028, 041 | July 14, 1998 |
| SPINNING | 2003922 | 009, 025, 028 | July 9, 1996 |
| SPINNER | 1972363 | 028 | May 7, 1996 |
| (design mark) | 2062912 | 009, 025, 028, 041 | May 20, 1997 |

4. Mad Dogg was founded in 1994 and is a leader in the sale of stationary exercise bicycles in the United States and worldwide. In addition, Mad Dogg created, developed and marketed, the world famous SPINNING® program: A fitness education and training program for use in connection with its stationary exercise bicycles and related merchandise (hereinafter collectively referred to as the "SPIN Products and Services").

5. Mad Dogg's SPIN Family of Marks is in full force and effect and many of the marks included in it have become incontestable pursuant to 15 U.S.C. § 1065.

6. Based on Mad Dogg's extensive sales, marketing and advertising of its SPIN Products and Services through the use of Mad Dogg's SPIN Family of Marks, Mad Dogg's SPIN Family of Marks has become distinctive and famous pursuant to 15 U.S.C. § 1125(c).

7. Mad Dogg alleges that Defendants have advertised and offered for sale stationary exercise bicycles that do not originate from Mad Dogg in violation of Mad Dogg's rights in and to its SPIN Family of Marks.

- 2 -   **FINAL JUDGMENT UPON CONSENT**

8. Without admitting liability for any of the causes of action alleged in Plaintiff's Complaint, Defendants and their Related Entities hereby stipulate to being preliminarily and permanently enjoined and restrained from:

  a. directly or indirectly infringing the SPIN Family of Marks in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise, specifically stationary exercise bicycles and merchandise related thereto, or engaging in any services, specifically exercise programs using stationary exercise bicycles, by using any terms, trademarks or other designations of origin that reproduce, or utilize the likenesses of or which copy or are confusingly similar to any of the SPIN Family of Marks;

  b. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Mad Dogg, are sponsored, approved, or licensed by Mad Dogg, or are in some way connected or affiliated with Mad Dogg;

  c. affixing, applying, annexing or using in connection with the manufacture, importation, distribution, advertising, sale, and/or offer for sale or other use of any goods or services, any false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Mad Dogg;

  d. diluting and infringing Mad Dogg's SPIN Family of Marks and thereby damaging Mad Dogg's goodwill and reputation;

   e. otherwise infringing upon Mad Dogg's SPIN Family of Marks, or competing unfairly with Mad Dogg in any manner; and

   f. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e) above.

9. Defendants and their Related Entities shall not directly or indirectly challenge, oppose, interfere with or otherwise seek cancellation of, any of the SPIN Family of Marks and/or any trademark for which Mad Dogg owns or seeks a trademark registration in the United States or elsewhere.

10. This Final Judgment disposes of all claims and counterclaims and terminates this action, subject to the Court's continuing jurisdiction to enforce and oversee the requirements contained in this Final Judgment.

11. This Judgment shall be binding upon, and inure to the benefit of, the parties' respective successors and assigns.

12. Each party shall bear its own costs and attorneys' fees.

13. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this judgment, and for the enforcement of this Judgment and the Agreement entered into between the parties.

14. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

\\\

\\\

\\\

\\\

\\\

- 4 -  **FINAL JUDGMENT UPON CONSENT**

15. The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

**IT IS SO ORDERED:**

Dated: September 23, 2009

_____
HON. FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED:**

Dated: _____, 2009           KEATS MCFARLAND & WILSON LLP

_____
Konrad K. Gatien
Attorneys for Plaintiff
Mad Dogg Athletics, Inc.

Dated: _____, 2009           GARY BRIDEN

_____

Dated: _____, 2009           GREAT SPORTS, INC.

_____

By:   _____

Its:  _____